# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:21-cr-289 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| DERRICK BROWN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **MEMORANDUM OPINION**

In 2010, when he was 18 years old, Defendant Derrick Brown was convicted of aggravated robbery with a firearm specification in violation of Ohio law, specifically Section 2911.01(A)(1) of the Ohio Revised Code. For that offense, he was sentenced to and served eight years in prison. The parties dispute whether this conviction constitutes a crime of violence under the Sentencing Guidelines following the Supreme Court's decision last year in *Borden v. United States*, 141 S. Ct. 1817 (2021). Though it heard oral arguments on the issue in March 2022, the Sixth Circuit has not yet spoken to the issue. *United States v. White*, No. 21-3209 (6th Cir.); *see also United States v. Butts*, No. 21-3783 (6th Cir.). For Mr. Brown, if his prior conviction counts as a crime of violence, he has a total offense level of 34 and a criminal history category of VI, yielding a guideline range of 262 to 327 months. If that conviction is not a crime of violence, he has a total offense level of 31 and a criminal history category of III, for a guideline range of 135 to 168 months. Defendant also argues that offense does not constitute a serious violent

felony for purposes of 18 U.S.C. § 3559(c)(2). If it does, 18 U.S.C. § 841(b)(1)(A) provides for a mandatory minimum sentence of 15 years (180 months) in prison and a minimum period of 10 years of supervised release.

## I. Sentencing Guidelines (U.S.S.G. § 4B1.2(a))

The United States Sentencing Guidelines impose longer prison sentences on certain defendants who have a criminal record containing previous violent felonies. As applicable here, the Guidelines define a "crime of violence" as any State or federal offense that meets one of two definitions. Under the Guidelines, a crime of violence means any offense that:

> (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)  is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a). Defendant makes arguments under each of these definitions. The Court addresses each in turn.

### I.A. Force or Elements Clause (U.S.S.G. § 4B1.2(a)(1))

Because it requires that an offense have as an element the actual, attempted, or threatened use of force to constitute a crime of violence, Section 4B1.2(a)(1) is referred to as the "force clause" or, alternatively, the "elements clause." Defendant argues that a conviction for aggravated robbery under Section 2911.01(A)(1) of the Ohio Revised Code is not a crime of violence under the force clause. The parties do not dispute that the force clause requires a *mens rea* greater than recklessness as to the force element. That is the central holding of *Borden v. United States*, 141 S. Ct.

1817 (2021). Defendant contends that Section 2911.01(A)(1) has no *mens rea*, while the United States contends it has a *mens rea* greater than recklessness.

### I.A.1. Categorical Approach

The Supreme Court directs lower courts to use the categorical approach to determine whether prior convictions "ha[ve] as an element the use, attempted use or threatened use of physical force against the person of another." *Descamps v. United States*, 570 U.S. 254, 260–61 (2013) (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990)). Although the categorical approach originated under the Armed Career Criminal Act, it also applies to the Sentencing Guidelines. *See United States v. Ford*, 560 F.3d 420, 421–22 (6th Cir. 2009). Under the categorical approach, courts do not look at the particular facts of a prior conviction. Instead, they examine only the statutory elements of previous offenses. *Descamps*, 570 U.S. at 261; *Taylor*, 495 U.S. at 600. Under the categorical approach, courts determine whether every defendant convicted of the particular offense must have used, attempted to use, or threated to use physical force against the person of another to have been convicted of that offense. *Burris*, 912 F.3d at 392. Courts do *not* examine whether the defendant actually used, attempted to use, or threatened to use physical force against the person of another in the particular case giving rise to the prior conviction. *Id.*

### I.A.2. The Ohio Supreme Court and Circuit Precedent

Ohio's aggravated robbery statute provides that "[n]o person in attempting or committing a theft offense . . . or in fleeing immediately after the attempt or offense, shall . . . [h]ave a deadly weapon . . . and either display the weapon, brandish it, indicate that the offender possesses it, or use it." Ohio Rev. Code § 2911.01(A)(1). In

3

*State v. Evans*, 122 Ohio St. 3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 23, the Ohio Supreme Court read Section 2911.01(A)(1) as inherently conveying a threat of force against another. According to *Evans*, the Ohio statute requires the following intent:

> One cannot display, brandish, indicate possession of, or use a deadly weapon in the context of committing a theft offense without conveying an implied threat to inflict physical harm. It is the very act of displaying, brandishing, indicating possession, or using the weapon that constitutes the threat to inflict harm because it intimidates the victim into complying with the command to relinquish property without consent.

*Id.* In this regard, the Ohio Supreme Court reads the State's aggravated robbery statute as having as an element, at the very least, the implied threat of the use of physical force. Moreover, the Ohio Supreme Court rejected as "implausible" examples in which a person could indicate possession of a deadly weapon without implying a threat to inflict physical harm. *Id.* at ¶ 24.

Based on this reading of the aggravated robbery statute, the Sixth Circuit directly addressed whether aggravated robbery is a crime of violence under the Guidelines. In *United States v. Patterson*, 853 F.3d 298, 305 (6th Cir. 2017), the Sixth Circuit ruled that aggravated robbery under Ohio law constitutes a crime of violence under the Sentencing Guidelines. This ruling builds on a line of authority in which the Sixth Circuit equates the force clause of the Guidelines with the elements clause of the Armed Career Criminal Act, which is nearly identical. *Id.* at 305 (citing *United States v. Rede-Mendez*, 680 F.3d 552, 555 n.2 (6th Cir. 2012)); *see also United States v. Burris*, 912 F.3d 386, 390 (6th Cir. 2019) (en banc). Of particular importance for present purposes, the definition of a violent felony under the Armed Career Criminal

4

Act applies to a crime of violence under the Guidelines as well. *United States v. Hibbit*, 514 F. App'x 594, 597 (6th Cir. 2013).

To hold in *Patterson* that aggravated robbery under Section 2911.01(A)(1) of the Ohio Revised Code is a crime of violence under the Sentencing Guidelines, the Sixth Circuit relied on the Ohio Supreme Court's ruling in *Evans*. *Patterson*, 853 F.3d at 302–03. Therefore, the question becomes whether *Patterson* controls or if changes in the law as to *mens rea* supersede that decision.

### I.A.2.a. *Borden*

Recently, the Supreme Court decided *Borden v. United States*, 141 S. Ct. 1817 (2021), under the Armed Career Criminal Act. There, writing for a four-Justice plurality, Justice Kagan identified four states of mind that give rise to criminal liability, in descending order of culpability: purpose, knowledge, recklessness, and negligence. *Id.* at 1823. The plurality held that the definition of a violent felony requires purpose or knowledge, not recklessness or negligence. *Id.* at 1825. For this conclusion, the plurality located the *mens rea* requirement in the language of the force clause in the Armed Career Criminal Act, which requires force "against the person of another." *Id.* at 1833. This language "introduces that action's conscious object." *Id.* Therefore, it excludes reckless conduct and actions not directed at another. *Id.*

In so concluding, the plurality abrogated the Sixth Circuit's decision in *United States v. Verwiebe*, 874 F. 3d 258 (6th Cir. 2017), which held that reckless offenses qualified as violent felonies. *See Borden*, 114 S. Ct. at 1823. Relying on *Verwiebe*, the Sixth Circuit upheld Borden's sentence as a career offender, *id.*, and the Supreme

5

Court reversed, *id.* at 1834. "Offenses with a *mens rea* of recklessness do not qualify as violent felonies under ACCA." *Id.*

Justice Thomas concurred in the judgment on the ground that recklessness does not embrace use of physical force as an element. *Id.* at 1835 (Thomas, J., concurring). Justice Thomas preferred to overrule *Johnson v. United States*, 576 U.S. 591 (2015) (holding that the residual clause of the ACCA is unconstitutionally vague under the Fifth Amendment), but accepted *Johnson* in *Borden* to avoid "create[ing] further confusion and division about whether state laws prohibiting reckless assault satisfy the elements clause." *Id.* at 1836. In taking this position, Justice Thomas left no doubt that he viewed Borden's crime as "a 'violent felony' as Congress defined the term." *Id.*

### I.A.2.b. Viability of Circuit Precedent Following *Borden*

The Sixth Circuit decided *Patterson* on April 3, 2017—some four years before *Borden*, but also six months before the Sixth Circuit decided *Verwiebe* on October 20, 2017. At the time the Sixth Circuit decided *Patterson*, the controlling precedent in the Circuit on the issue was *United States v. McMurray*, 653 F.3d 367, 375 (6th Cir. 2011), which required a *mens rea* greater than recklessness. Because *McMurry* is consistent with the controlling law now, *Borden* did not undermine *Patterson*, and *Patterson* remains the controlling law on this question.

Defendant argues that *Borden* overrules *Patterson* on the *mens rea* question. For this argument, Defendant relies on a statement in *Patterson* where the Sixth Circuit says that "the government does not need to prove a specific intent for every

6

word in the elements clause." 853 F.3d at 304. That language then introduces a discussion of how other Circuits treat the question. *Id.* at 304–05.

But Defendant's argument ignores the discussion about Ohio law that precedes the language he quotes. In discussing Ohio law, the Sixth Circuit relied on the Ohio Supreme Court's description of the aggravated robbery statute in *Evans*. *Id.* at 303–04. In that discussion, the Sixth Circuit concluded: "So long as there is no reason to think that Ohio aggravated robbery with a deadly weapon can be applied to individuals who use minimal actual force or who do not threaten serious physical force against others, there is every reason to treat it as a crime of violence." *Id.* at 304. Further, by virtue of its holding that aggravated robbery constitutes a crime of violence, *Patterson* determined that aggravated robbery satisfied the greater-than-recklessness *mens rea* requirement. In this respect, *Patterson* followed *McMurry*, which was the controlling precedent at the time.

Moreover, in discussing other Circuits that reject the argument that the lack of an explicit *mens rea* bars a crime from being a crime of violence, *Patterson* confirms that Ohio's aggravated robbery statute requires a *mens rea* greater than recklessness. 853 F.3d at 304–05. Accordingly, in the Court's view, *Patterson* survives *Borden* and treats Section 2911.01(A)(1) as a crime of violence. In short, and in any event, the Ohio Supreme Court's discussion of aggravated robbery in *Evans* describes the *mens rea* requirement of the offense consistent with the Supreme Court's ruling in *Borden*, recognizing that a crime of violence requires purpose or knowledge and action directed at the person of another. If *Borden* results in the abrogation of *Patterson*,

7

that determination falls to the Sixth Circuit to make. *See United States v. Mahaffey*, 983 F.3d 238, 241–42 (6th Cir. 2020).

### I.A.2.c. Ohio Authorities

Defendant argues that the force element of aggravated robbery does not require any *mens rea* under Ohio law. Primarily, Defendant relies on *State v. Wesson*, 137 Ohio St. 3d 309, 2013-Ohio-4575, 999 N.E.2d 557. There, a three-judge panel convicted the defendant of felony murder and imposed a sentence of death and 26 years in prison on non-capital offenses, including aggravated robbery. On appeal to the Ohio Supreme Court, the defendant argued, among other things, that the indictment charging him with aggravated robbery did not include recklessness as the *mens rea* for the offense. *Id.* at ¶ 28. In rejecting this argument, the Ohio Supreme Court held that "[r]ecklessness is not an element of the charged offense" under Section 2911.01(A)(1). *Id.* at ¶ 29. In particular, "the mens rea of recklessness does not apply to the element of displaying, brandishing, indicating possession of, or using a deadly weapon." *Id.* (citing *State v. Lester*, 123 Ohio St. 3d 396, 2009-Ohio-4225, 916 N.E.2d 1038, ¶ 32–33).

Defendant points to the next sentence of the Ohio Supreme Court's discussion, that "the General Assembly imposed strict liability as to that element, and therefore 'the state is not required to charge a mens rea for this element of the crime of aggravated robbery under R.C. 2911.01(A)(1).'" *Id.* But what Ohio law requires to place a defendant on notice of the charges differs from the elements of the offense. At least, Defendant cites no authority that the categorical approach, like the modified

8

categorical approach, looks to a charging document as opposed to the substantive elements of the offense required for a conviction.

In argument at sentencing, Defendant relied on *State v. Quinonez*, 8th Dist. Cuyahoga No. 95783, 2011-Ohio-3064, ¶ 9. There, the defendant challenged his nine-year sentence, following a bench trial, for aggravated robbery, assault, grand theft of a motor vehicle, and passing a bad check. On appeal, the defendant argued that the State failed to introduce evidence sufficient to establish his intent to use the car that was the object of the underlying theft offense as a deadly weapon for purposes of Section 2911.01(A)(1). Relying on its prior precedent, the intermediate appellate court held that an automobile can be a deadly weapon and whether it is presents a question of fact that depends on the particular circumstances. *Id.* at ¶ 6. In sustaining the conviction, the court noted that the defendant's subjective intent did not present the only consideration. *Id.* at ¶ 8. On the facts presented, the court agreed that the record presented sufficient evidence that the defendant used the car as a deadly weapon. *Id.* at ¶ 9.

The Court does not find reliance on *Quinonez* persuasive for three reasons. First, on its own terms, the rule of law the intermediate appellate court articulated and followed, though perhaps admitting some theoretical circumstance on the margins when a car might not satisfy Section 2911.01(A)(1)'s *mens rea* requirement, comes closer to a categorical determination that the statute contains the requisite intent requirement post-*Borden*. Second, in analyzing whether there is a realistic probability Ohio would apply its aggravated robbery statute to conduct outside of the

career-offender Guideline, the Ohio Supreme Court's interpretation governs. *See Burris*, 912 F.3d at 398. Third, in the Court's view, *Patterson* remains the controlling precedent that governs the analysis of Section 2911.01(A)(1) in this Circuit.

Nor does Section 2901.21(C)(1) change the result. That statute provides: "When language defining an element of an offense that is related to knowledge or intent or to which mens rea could fairly be applied neither specifies culpability nor plainly indicates a purpose to impose strict liability, the element of the offense is established only if a person acts recklessly." In *Wesson*, the Ohio Supreme Court recognized that Section 2911.01(A)(1) imposed strict liability for aggravated robbery. 2013-Ohio-4575, at ¶ 29. And the Ohio Supreme Court made clear that "the mens rea of recklessness does not apply to the element of displaying, brandishing, indicating possession of, or using a deadly weapon." *Id*. Therefore, Section 2901.21(C)(1) does not come into play.

In any event, the Sixth Circuit in deciding *Patterson* relied on the Ohio Supreme Court's decision in *Evans*. This Court is bound to follow Sixth Circuit precedent, including its interpretation of Ohio law. For these reasons, the Court determines that there is not "a realistic probability," at most only a "theoretical possibility, that the State would apply its statute to conduct that falls outside" the conduct described in the elements clause. *Burris*, 912 F.3d at 398 (quoting *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013)).

### I.B. Enumerated Offense Clause (U.S.S.G. § 4B1.2(a)(2))

Even if the force or elements clause does not require *mens rea*, Ohio's aggravated robbery statute constitutes a crime of violence under the enumerated-

10

offense clause in Section 4B1.2(a)(2). Indeed, the Guideline specifically lists robbery as a crime of violence:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> . . .
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

U.S.S.G. § 4B1.2(a). On its face, the plain language of the Guideline appears to end the matter. But when it comes to career offender issues, nothing is as simple as it appears.

Defendant argues that the enumerated-offense clause applies to listed offenses that meet the generic definition of the crime. Where, as here, Defendant argues, a statute criminalizes conduct broader than that generic definition, the offense falls outside the enumerated-offense clause and does not constitute a crime of violence. *See United States v. Cooper*, 739 F.3d 873, 879 (6th Cir. 2014). Quoting *Taylor v. United States*, 495 U.S. 575, 589 (1990), Defendant argues that, "in this provision, 'robbery' means generic robbery, which 'roughly correspond[s] to the definitions of [the crime] in the majority of the States' criminal codes.'" (ECF No. 28, PageID #126; *see also* ECF No. 33, PageID #146.)

In *Taylor*, the Supreme Court discussed the legislative history of the Armed Career Criminal Act, and the Guideline generally receives the same interpretation under the law of this Circuit. *See Burris*, 912 F.3d at 392. "Congress intended that the enhancement provision be triggered by crimes having certain specified elements,

11

not by crimes that happened to be labeled 'robbery' or 'burglary' by the laws of the State of conviction." *Taylor*, 495 U.S. at 588–89. For robbery, regardless of how labeled under State law, the enumerated offense extends "to all crimes having certain common characteristics—the use or threatened use of force, or the risk that force would be used." *Id.* at 589. By this definition, a conviction for aggravated robbery under Section 2911.01(A)(1) constitutes a crime of violence. Indeed, the Ohio Supreme Court made clear in *Evans* that aggravated robbery under Ohio law carries at least an implied threatened use of force. *Evans*, 122 Ohio St. 3d 381, 2009-Ohio-2974, 911 N.E.2d 889, ¶ 23.

Surveying State-law definitions of robbery and relying on the merits brief that the United States filed in *Borden*, Defendant maintains that Ohio represents an outlier among the States by including recklessness as a *mens rea* for aggravated robbery. (ECF No. 33, PageID #146–47.) This argument collapses the analysis under the enumerated-offense clause into the analysis under the force or elements clause. Perhaps the categorical approach makes that circularity inevitable. As discussed, however, *Patterson* remains the controlling precedent in this Circuit unless and until the Sixth Circuit says otherwise. Moreover, the Ohio Supreme Court recognizes that recklessness does not apply to the threatened use of force that constitutes the key element of the offense. *Wesson*, 137 Ohio St. 3d 309, 2013-Ohio-4575, 999 N.E.2d 557, ¶ 29. Moreover, the Ohio Supreme Court's decision in *Evans* reads Section 2911.01(A)(1) as having an intent greater than recklessness that makes a violation of the statute an offense of violence. *Evans*, 122 Ohio St. 3d 381, 2009-Ohio-2974,

911 N.E.2d 889, ¶ 23. For these reasons, the Court determines that a conviction under Section 2911.01(A)(1) constitutes a crime of violence under the Guideline.

## II. Statutory Sentencing Enhancement (18 U.S.C. § 3559(c)(2))

For purposes of statutory sentencing enhancements, a "serious violent felony" means—as relevant here—a State offense "by whatever designation and wherever committed, consisting of . . . robbery (as described in section 2111, 2113 [bank robbery], or 2118 [robbery involving controlled substances])." 18 U.S.C. § 3559(c)(2)(F)(i). A serious violent felony also includes:

> any other offense punishable by a maximum term of imprisonment of 10 years or more that has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense[.]

*Id.* § 3559(c)(2)(F)(ii). Because the Supreme Court has held that the residual clause in Section 924(c)(3)(B), which is nearly identical to Section 3559(c)(2)(F)(ii), is unconstitutionally vague, *see United States v. Davis*, 139 S. Ct. 2319, 2336 (2019); *see also Johnson v. United States*, 576 U.S. 591, 606 (2015), the Court limits its analysis to the enumerated offense clause of Section 3559(c)(2)(F)(i) and the elements clause of Section 3559(c)(2)(F)(ii).

### II.A. Statutory Enumerated-Offense Clause (18 U.S.C. § 3559(c)(2)(F)(i))

To determine whether Ohio's aggravated robbery statute qualifies as an enumerated offense for purposes of Section 3559, the Court begins by interpreting robbery under Section 2111 to determine whether the federal statute describes the offense of aggravated robbery in Section 2911.01(A)(1) of the Ohio Revised Code under which Mr. Brown was convicted.

13

### II.A.1. Modified Categorical Approach

To make this determination, the Supreme Court directs the use of a modified categorical approach if the State statute is divisible. *See Mathis v. United States*, 579 U.S. 500, 505 (2016). A divisible statute "list[s] elements in the alternative, and thereby define[s] multiple crimes," *id.*, rather than setting out "alternative factual means of committing a single element," *Burris*, 912 F.3d at 393.

Ohio's aggravated robbery statute, Section 2911.01(A), is divisible into three parts—and Section 2911.01(A)(1) is a separate offense with separate elements that differ from those in the other subparts of the statute. *United States v. Wilson*, 978 F.3d 990, 996 (6th Cir. 2020). Moreover, the Sixth Circuit holds that Ohio's aggravated robbery statute is twice divisible, meaning that each subdivision requires the commission (or an attempt) of an underlying theft offense. *Id.* at 997. Therefore, a conviction for aggravated robbery includes proof of a theft offense, and Ohio law lists more than thirty such predicates, broadly ranging from robbery to safecracking to identity theft. *Id.* at 995 & n.3. In practice, Ohio requires the proof of the elements of a predicate theft offense in addition to those elements of aggravated robbery for a conviction under Section 2911.01(A)(1). *Id.* at 998 (collecting cases). Although the Sixth Circuit discussed this issue with respect to the separate offense in Section 2911.01(A)(3), its reasoning and analysis applies equally to a Section 2911.01(A)(1) offense because the requirement for a predicate theft offense appears in the portion of the statute that applies to each separate subsection, rather than in any particular subsection alone. In short, a particular theft offense is separate element of aggravated robbery under Section 2911.01(A)(1), not an alternative means of

committing the offense. *See id.* at 999 (quoting *United States v. Denson*, 728 F.3d 603, 612 (6th Cir. 2013).

Where, as a here, an offense is twice divisible, courts employ a modified categorical approach. *Mathis*, 579 U.S. at 505. Under that approach, courts review "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.*

### II.A.2. Section 2911.01(A)(1) and Section 2111

The record provides only limited information regarding Mr. Brown's conviction for aggravated robbery. In addition to identifying Section 2911.01(A)(1) as the offense for which he was convicted and the sentence imposed, the presentence investigation report summarizes the offense conduct in that case as follows:

> According to the Akron Police Department's report, on October 2, 2010, at 8:10 am, police were dispatched to 1605 East Avenue, Akron, Ohio for an apparent aggravated robbery. The defendant and another suspect entered the business and demanded money. When the victims said there was none, the other suspect brandished a 9mm firearm and pointed it at the victims. The defendant proceeded to yell, "shoot him, shoot him." The defendant then demanded keys and a dealer plate so they could take a vehicle. After the aggressors left, the victims called 911. A uniformed officer spotted the stolen vehicle and initiated a traffic s[top]. The defendant bailed out of the moving vehicle, initiating a foot chase. The uniformed officer was able to catch and arrest him

(ECF No. 28, ¶ 27, PageID #115.) Based on this description, the record makes sufficiently clear that Mr. Brown's conviction for aggravated robbery rests on the predicate theft offense of aggravated burglary, which involves the forcible trespass into an occupied structure to commit a criminal offense. *See* Ohio Rev. Code § 2911.11; *see also id.* § 2913.01(K)(1).

15

But the modified categorical approach admits consultation of only a limited class of documents: the indictment, jury instructions, or the plea agreement and colloquy. *Mathis*, 579 U.S. at 505. However far the limited class of documents the Court may consider under the modified categorical approach extends, the Supreme Court makes clear that police reports—the information on which the presentence investigation report relies here—are not such documents. *Shepard v. United States*, 544 U.S. 13, 20–22 (2005) (plurality opinion). Therefore, the Court may not consider the information in the presentence investigation report about Mr. Brown's conviction for aggravated robbery and does not do so.

That leaves the Court to consider whether the federal robbery statute (Section 2111) and Ohio's aggravated robbery statute (and its predicate theft offenses) criminalize the same conduct. Under Ohio law, burglary requires intentional conduct—that is, purpose or knowledge, not recklessness. *See State v. Davis*, No. 90050, 2008-Ohio-3453, ¶ 17 (Ohio Ct. App.) (holding that Ohio's catchall statute permitting a reckless *mens rea* does not apply to burglary). Rather than address the elements of burglary (or another predicate theft offense), Defendant renews his argument that Ohio's aggravated robbery statute sweeps more broadly than Section 2111 because the State statute countenances convictions based on a *mens rea* of recklessness, where the federal statute requires more. *See, e.g., United States v. Wehmhoefer*, 835 F. App'x 208, 211 (9th Cir. 2020) (noting that Section 2111 does not permit convictions based on reckless conduct).

However lengthy or complicated this analysis might properly be in light of the number of theft offenses in Ohio, this issue need not detain the Court. Because of the number of predicate offenses and the absence of *Shepard* documents to narrow the qualifying offense under the modified categorical approach, it is unlikely that the statutory enumerated-offense clause describes Mr. Brown's conviction. For these reasons, the Court determines that the United States has not carried its burden.

### II.B. Statutory Elements Clause (18 U.S.C. § 3559(c)(2)(F)(ii))

To determine whether a prior conviction qualifies under the elements clause of the statute, courts employ the categorical approach. *United States v. Ruska*, 926 F.3d 309, 311 (6th Cir. 2019) (citing *Burris*, 912 F.3d at 392). "That means we ask whether the conviction—disregarding its underlying facts—necessarily has 'the use, attempted use, or threatened use of physical force' as an element of the offense." *Id.* As under the Armed Career Criminal Act, *id.* at 312, "physical force" means "*violent force—i.e.*, force capable of causing physical pain or injury to another person," *Johnson v. United States*, 559 U.S. 133, 140 (2010).

In this respect, the elements clause of Section 3559 contains identical operative language to the force or elements clause in the career-offender guideline. Each requires that the prior offense have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 3559(c)(2)(F)(ii); U.S.S.G. § 4B1.2(a). Accordingly, Defendant argues that *Borden* has the effect of removing a conviction under Ohio's aggravated robbery statute from Section 3559's statutory enhancement under the categorical approach. For the reasons already explained, in the Court's view, the decision in *Patterson* remains

17

binding and authoritative unless and until the Sixth Circuit says otherwise. Therefore, Mr. Brown's conviction for aggravated robbery qualifies as a serious violent felony under Section 3559.

Finally, Section 3559(c)(3) provides that robbery shall not serve as a sentencing enhancement under the statute if the defendant establishes by clear and convincing evidence that no firearm or other dangerous weapon was used in the offense and the offense did not result in death or serious bodily injury. But Defendant makes no argument that this section removes his previous conviction for aggravated robbery from the statutory enhancement, so the Court does not address it further.

## CONCLUSION

For the foregoing reasons, the Court determines that Defendant's conviction under Section 2911.01(A)(1) constitutes a crime of violence under both the force or elements clause and the enumerated-offense clause of the career-offender guideline and under the elements clause of Section 3559. Accordingly, sentence enhancements are legally appropriate under each.

Dated: April 29, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio